ANTHONY DA BIN, PETITIONER-APPELLANT, v. P. S. THORSEN & CO., INC., RESPONDENT-APPELLEE.

Hudson County Court
Law Division

Decided March 27, 1951.

*Messrs. Meehan Brothers*, attorneys for the petitioner (*Mr. Morris Edelstein*, of counsel).

*Messrs Markley & Broadhurst* (*Mr. Arthur J. Blake*, appearing), attorney for the respondent.

ZIEGENER, J. C. C. This is a workmen's compensation case in which the petitioner-appellant, Anthony Da Bin, hereinafter called petitioner, filed a claim for increased disability and the Workmen's Compensation Bureau entered a judgment for the respondent-appellee, hereinafter called respondent, and dismissed the petition, on October 6, 1950.

Petitioner met with an accident arising out of and in the course of his employment on July 26, 1944, and as a result thereof was paid temporary compensation by respondent for a period of eighty-two and six sevenths weeks (82 6/7) at $20 per week, or $1,657.14, and was awarded 40 per cent partial permanent total disability, or 200 weeks at $20 per week, totaling $4,000, by the Workmen's Compensation Bureau on November 14, 1946. Petitioner subsequently brought this action to obtain additional compensation due to increased disability.

In a case of this type, the claim of increased disability should be grounded in the comparative condition and ability of the workman and must be supported by proofs which per-

mil comparison. *Hopler v. Hill City*, 5 *N. J.* 466, 73 *N. J. L. J.* 376 (1950). An increase in an award must be predicated upon a comparison of the two conditions; *i. e.*, petitioner's condition at the time of the award and his present condition.

In this instance petitioner did not produce Dr. Meehan, the physician who testified for him at the original hearing, but respondent did produce Dr. Watman, who testified in its behalf at the first hearing. Now respondent contends the petitioner's failure to produce Dr. Meehan to testify in reference to any alleged increased disability should operate against petitioner insofar as his present claim is concerned. It is evident that Dr. Watman, respondent's physician, from his examination of petitioner in relation to the claimed increase in disability, concludes that there was none, and, if anything, there was a decrease in disability.

However, the petitioner was precluded from offering the testimony of Dr. Meehan, given at the prior hearing, due to the sustained objection of respondent's counsel, and, therefore, was unable to actually produce testimony concerning the possible increased disability by comparing the condition of petitioner, as testified to by Dr. Meehan, and any present condition which might prove an increased disability. I am not unmindful of the fact that Dr. Meehan is presently a practicing physician in this county and is evidently available to testify. However, petitioner's failure to call him, regardless of the reason therefor, does not, in all finality, indicate he does not have any increased disability. Dr. Meehan's testimony, at the original hearing, including the cross-examination, should have been admitted into evidence and petitioner would then be in a position to interrogate the physician testifying in his behalf in this instance, Dr. Marcus, as to his comparison between Dr. Meehan's findings at that time and the present condition of petitioner, and he can be cross-examined in connection therewith.

It is hereby ordered, on this 27 day of March 1951, that the cause herein be remanded to the Workmen's Compensation Bureau for rehearing in accordance with the above.